Mark D. Molner, Esq.
**PRICE LAW GROUP, APC**
2210 W. 75th Street
Prairie Village, KS 66208
Direct Dial: (913) 529-1474
Fax: (818) 907-2012
mark@pricelawgroup.com

Kansas Bar Number: 24493
Attorneys for Plaintiff,
JAMES MINCHER

# UNITED STATES DISTRICT COURT

# DISTRICT OF KANSAS

| | |
|---|---|
| JAMES MINCHER,<br><br>             Plaintiff,<br><br>     vs.<br><br>DIVERSIFIED COLLECTION SERVICES, INC.; and DOES 1 through 10, inclusive,<br><br>             Defendants. | **Case No.:** 12-2535 CM/KMH<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)**<br><br>**Demand Does Not Exceed $10,000** |

# COMPLAINT

# INTRODUCTION

1. This is an action for actual and statutory damages brought by plaintiff James Mincher an individual consumer, against defendant Diversified Collection Services, Inc., for violations of the law, including, but not limited to, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter

''FDCPA''), which prohibit debt collectors from engaging in deceptive acts and practices.

## VENUE AND JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331 and § 1337.  Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## PARTIES

3. Plaintiff, James Mincher is a consumer, a natural person allegedly obligated to pay any debt, residing in the state of Kansas.

4. Defendant, Diversified Collection Services, Inc. is a foreign corporation engaged in the business of collecting debt in this state with its principal place of business located in Alameda County, in the state of California.  The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## **FACTS**

6. Upon information and belief, within one year prior to the filing of this complaint, Defendant placed collection calls to Plaintiff, including calls after 9 o'clock p.m., which is an inconvenient time, seeking and demanding payment for an alleged consumer debt owed under an account number.

7. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

8. Upon information and belief, Defendant began contacting Plaintiff and placing collection calls to Plaintiff sometime prior to July 25, 2012.

9. Upon information and belief, within one year prior to the filing of this complaint, Defendant threatened to sue Plaintiff itself, as well as to garnish Plaintiff's wages and taxes itself, when it cannot do so.

10. Upon information and belief, within one year prior to the filing of this complaint, Defendant left a voicemail on Plaintiff's parents' home phone, asking them to relay a message to Plaintiff, without Plaintiff's express consent, which is impermissible conduct with a third party to an alleged debt under the FDCPA.

11. Upon information and belief, within one year prior to the filing of this complaint, Defendant demanded immediate payment from Plaintiff within thirty (30) days of its initial communication with Plaintiff, without also telling Plaintiff that he still had an opportunity to dispute and/or seek validation of the alleged debt; overshadowing his rights under the FDCPA.

12. Upon information and belief, within one year prior to the filing of this complaint, Defendant lied to Plaintiff and told him that it owns his alleged debt, when it does not.

13. As a result of the acts alleged above, Plaintiff suffered emotional distress resulting in him feeling stressed and embarrassed, amongst other negative emotions.

## **COUNT I – FDCPA**

14. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

15. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   (a) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

(b) Defendant violated *§1692e(10)* of the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of Plaintiff's alleged debt; and

(c) Defendant violated *§1692e(2)(B)* of the FDCPA by falsely representing the services rendered or compensation which may be lawfully received by the Defendant for the collection of the alleged debt; and

(d) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that it did not intend to take; and

(e) Defendant violated *§1692b(2)* of the FDCPA by telling an unrelated third party that Plaintiff owes an alleged debt without Plaintiff consent; and

(f) Defendant violated *§1692c(b)* of the FDCPA by contacting a third party in connection with the collection of the alleged debt without the consent of Plaintiff and without the contact being in a manner covered by *§1692b* of the FDCPA; and

(g) Defendant violated *§1692c(a)(1)* by calling Plaintiff in connection with the collection of the alleged debt after 9 o'clock p.m., local time at the consumer's location, which is an unusual time or place or a time or place known or which should be known to be

inconvenient to Plaintiff, without the prior consent of Plaintiff given directly to Defendant or the express permission of a court of competent jurisdiction.

16. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

17. As a result of the foregoing violations of the FDCPA, Defendant is liable to the plaintiff James Mincher for actual damages, statutory damages, and costs and attorney fees.

WHEREFORE, Plaintiff James Mincher respectfully requests that judgment be entered against defendant Diversified Collection Services, Inc. for the following:

A. Actual damages.

B. Statutory damages.

C. Costs and reasonable attorney fees.

D. For such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED,

DATED:  August 14, 2012          **PRICE LAW GROUP APC**

By:/s/ Mark D. Molner
Mark D. Molner, Esq.
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, James Mincher, demands trial by jury in this action.